UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NAKITA TUZINSKI,<br>Individually and as Executor of the<br>Wrongful Death Estate of Alexander<br>Thor Tuzinski; ET, minor dependent child<br>of the decedent; and LT, minor dependent<br>child of the decedent;<br><br>Plaintiffs,<br><br>v.<br><br>PORTER COUNTY SHERIFF'S<br>DEPARTMENT, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 2:23 CV 173<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION and ORDER**

**I.    BACKGROUND**

According to the complaint, on May 1, 2021, plaintiff Nakita Tuzinski asked police officers from the Porter County Sheriff's Office (incorrectly named in this lawsuit as the Porter County Sheriff's Department) to perform a wellness check on her husband, Alexander, who had stated that he wanted to shoot himself. (DE # 7 at 2.) Sheriff's deputies, including David Murray, went to Alexander's residence, and at some point Murray fired his gun at Alexander, who died from his injuries. (*See id.*)

Nakita and Alexander's two children filed the present lawsuit against the Office, Murray, and others, setting forth various state and federal claims, including alleged constitutional rights violations under 42 U.S.C. § 1983. (DE # 7.) Defendants moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (DE ## 12, 23.) Plaintiffs did not respond. The motion is now ripe for ruling.

## II. LEGAL STANDARD

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court utilizes the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). Under that standard, the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). In assessing the pleading of those facts, the court must be cognizant that a complaint filed in federal court is governed by the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, which only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and

conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.  DISCUSSION

Defendants first point out that the "Porter County Sheriff's Department" should have been sued as "Porter County Sheriff's Office." (DE # 13 at 5.) While this error appears undisputed, incorrectly naming a party is not grounds for dismissal. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). As plaintiffs do not contest that their complaint contains a misnomer, nor do defendants dispute that service was effectuated on the proper party even if incorrectly named, the court will exercise its discretion under Federal Rule of Procedure 21 to substitute "Porter County Sheriff's Office" as a defendant in the place of "Porter County Sheriff's

Department" in this case. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Teamsters v. L & R Grp. of Cos.,* 844 F.3d 649, 652 (7th Cir. 2016).

Second, defendants argue that all official capacity claims, including and especially against Porter County Sheriff Dave Reynolds, are redundant and duplicative of the claims against the Porter County Sheriff's Office and should be dismissed. Defendant is correct, *Kentucky v. Graham,* 473 U.S. 159, 166 (1985), so this part of defendants' motion is granted.

Third, defendants seek judgment on the pleadings with respect to any claims against "unknown" defendants. Indeed, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997). Therefore, defendants' motion is granted as to the unnamed defendants.

Fourth, defendants argue that plaintiffs' state law claims against the deputies in their individual capacities are barred by the Indiana Tort Claims Act. Ind. Code § 34-13-3-5(b). That statute affords immunity to public employees acting within the scope of their employment. *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). Because plaintiffs allege that the deputies were acting within the scope of their employment (DE # 1 ¶¶ 4, 18), judgment on the pleadings is appropriate with respect to the state law individual capacity claims against them.

Fifth, defendants seek judgment on the Section 1983 claims for wrongful death and/or excessive use of force against all defendants except Murray. Liability under section 1983 requires personal involvement, *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017), and plaintiffs' allegations do not permit a reasonable inference that force was used by anyone but Murray. Accordingly, the court grants defendants' motion for judgment on the pleadings in this regard.

Sixth, defendants argue that they are entitled to judgment on plaintiffs' claims under *Monell v. Dep't Social Services,* 436 U.S. 658, 690 (1978), which allows suits against local governing bodies for violations of constitutional rights. Defendants note that there is no vicarious liability under *Monell*, and that the Porter County Sheriff's Office can only be liable if plaintiffs' constitutional deprivation was caused by an official policy or custom. *Small v. Chao,* 398 F.3d 894, 898 (7th Cir. 2005).

Defendants' statement of the law is correct. However, the court finds that plaintiffs' allegations, while admittedly sparse, are sufficient to state a *Monell* claim. Plaintiffs have alleged that officers entered Alexander's home and fatally shot him, and that his death was the result of the Office's policies or customs. Those policies or customs, according to plaintiffs, involved the use of excessive force, the failure to train officers in handling situations involving mental health issues, and the failure to render medical attention. (DE # 7 at 5.) At this point, all that is required of plaintiffs is that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs have done so, and have further

provided sufficient factual matter to state a claim to relief that is plausible on its face. *Ray,* 629 F.3d at 662-63; *Twombly,* 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Whether plaintiffs' *Monell* claim will ultimately succeed is a question for another day; for now, the request to resolve the matter at the pleadings stage is denied.

Finally, defendants seek judgment on the pleadings to the extent that plaintiffs seek punitive damages. Municipalities and individuals sued in their official capacities are immune from punitive damages in Section 1983 suits. *Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010). Indiana law also prohibits the imposition of punitive damages upon the Sheriff's Office and any employees acting within the scope of their employment. Ind. Code § 34-13-3-4. Accordingly, defendants' motion for judgment on the pleadings is granted as to all demands for punitive damages, except for the demand made in connection with the only remaining federal individual capacity claim – the claim against Murray.

## VI.   CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings is **GRANTED, in part, and DENIED, in part.** (DE ## 12, 23.) Pursuant to Rule 21, the court **DIRECTS** the Clerk to substitute "Porter County Sheriff's Office" as a defendant in the place of "Porter County Sheriff's Department" on the docket.

**SO ORDERED.**

Date: March 25, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT